**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

UNITED STATES OF AMERICA

v.                                                      No. 1:13-cr-00011-JAW

LORNE LYNN ARMSTRONG

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The United States of America, by and through its attorneys, Andrew B. Benson, United States Attorney for the District of Maine, and Andrew McCormack, Assistant United States Attorney, submits this response to the defendant's request for the early termination of his supervised release. (Dkt. #57). For the reasons described below, the defendant's request should be denied.

On May 8, 2024, the defendant filed a motion for early termination of supervised release. (Dkt. #47). On July 10, 2024, the Court issued a 17-page Order dismissing without prejudice the defendant's motion. (Dkt. #52). In its Order, the Court provides a thorough discussion of the background of the defendant's case, the parties' respective positions with respect to the defendant's motion, and the legal standards underlying the motion. (*Id.* at 1-11). In addition, the Court discusses at length the nature and circumstances of the defendant's offense of conviction, the history and characteristics of the defendant, the defendant's time on supervision, and the issue of specific deterrence. (*Id.* at 12-17).

Significantly, the Court concludes its Order with the following paragraph:

Given the extraordinary risk his past life demonstrates to a vulnerable population and his prior spotty record on supervised release, **the Court will require a much longer period of self-discipline before it seriously considers terminating his supervised release, which his sentencing judge**

> **imposed for the rest of his life**. In making these assessments, the Court will necessarily lean on the opinions of the professionals who are dealing with Mr. Armstrong on an ongoing basis, and if he wishes to be successful, he should continue to comply with the conditions of supervised release and seek the unequivocal support of the Probation Office and his counselors.

(*Id*. at 17)(emphasis added).

On February 24, 2026, only 19 months after the Court issued this Order, the defendant filed his current motion. (Dkt. #57). In his motion, the defendant states that (1) it is difficult for him to find/maintain work due to harassment; (2) his family is continually subjected harassment; (3) the separation from his wife and child in Canada is taking an emotional toll; and (4) if released from supervision, he plans to reside with his family in Canada. (*Id*.).

In response to the defendant's motion, the U.S. Probation Office requested a Sexual Offense Assessment and Treatment Evaluation ("SOATE") for the defendant. Based on information and belief, the Court and the defendant have received a copy of the SOATE. In the government's view, the SOATE validates the Court's July 10, 2024 Order and its ongoing applicability to the defendant's current motion for several reasons including: (1) the defendant's problematic description of his offense conduct; (2) the final treatment report of his sex offender treatment clinician noting several ongoing concerns; and (3) the ongoing clinical concerns of the SOATE evaluator.

Finally, the government typically defers to the United States Probation Office with respect to motions to terminate supervised release. It is the government's understanding that Probation opposes the defendant's motion. Probation notes that the defendant's family situation is unfortunate but the defendant entered into his current relationship with full knowledge of his supervised release status. Probation further notes that, due to the nature of the

defendant's offense, there is still a risk to the public.  In addition, based on his prior non-compliance issues, there are questions about the defendant's ability to self-manage.

The government is not unsympathetic to the defendant's situation.  At this point, however, less than two years from the Court's previous Order on this issue, the government continues to have concerns that it believes warrant continued supervision.

Based on the foregoing, the defendant's request for early termination of supervised release should be denied, without prejudice to renewing the request at a later date.


Dated: May 20, 2026                          Respectfully submitted,

                                             Andrew B. Benson
                                             United States Attorney

                                             /s/Andrew McCormack
                                             Assistant U.S. Attorney
                                             United States Attorney's Office
                                             202 Harlow Street
                                             Bangor, ME 04401

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2026, I filed the Government's Response to Request for Early Termination of Supervised Release using the CM/ECF system and emailed a copy of the same to:

Lorne Armstrong
388 West Ridge Road
Cornville, Maine 04976

/s/Andrew McCormack
Assistant U.S. Attorney
United States Attorney's Office
202 Harlow Street
Bangor, Maine 04401

4